ORIGINAL

FILED
APR 3 2014
U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

1. JOHN P. BAKER
2. STEPHEN HOWARD
3. BRUCE I. MALDONADO
4. TIMOTHY S. MIKULEWICZ
5. CRAIG MILLER
6. RICHARD E. STOWERS
7. JAMES L. SUTTON
8. BRAD O. WHITE

        Plaintiffs,

v.

DEPARTMENT OF DEFENSE
DEFENSE LOGISTICS AGENCY

and

THE UNITED STATES OF AMERICA,

        Defendants.

No. 14-260C

## COMPLAINT

### I. INTRODUCTION

1. Plaintiffs, by their undersigned counsel, file this civil action to recover from Defendants back pay, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219 ("FLSA"), and other applicable laws.

## II. JURISDICTION

2. This Court has jurisdiction over this civil action pursuant to: (1) 28 U.S.C. § 1331, in that the matters in controversy arise under the Constitution and laws of the United States; (2) 28 U.S.C. § 1337, in that the matters in controversy arise under an Act of Congress regulating commerce; and (3) 29 U.S.C. § 216(b), in that this is an action to recover unpaid overtime compensation and liquidated damages.

3. Further, this Court has jurisdiction to issue declaratory judgments and other relief sought herein under 28 U.S.C. §§ 2201 and 2202, in that actual controversies exist between the Plaintiffs and Defendants regarding actions and failures to act by Defendants under the FLSA and otherwise.

## III. VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391, since this is a civil action in which Defendants United States and the Defense Logistics Agency of the Department of Defense ("DLA") and agents thereof have acted in an official capacity and under color of legal authority.

## IV. THE PARTIES AND DEFINITIONS

5. Defendants are employers within the meaning of the FLSA.

6. Plaintiffs are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

7. Attached to this Complaint are Plaintiffs' signed individual consent forms, in which they consent to be claimants in this lawsuit brought on their behalf and on behalf of other persons against the United States asserting their rights under the FLSA.

8. Plaintiffs, who are identified individually in Paragraphs 16 through 31 below, allege that they have suffered legal and economic wrongs because of Defendants' actions and have been adversely affected and aggrieved thereby regarding their rights under the FLSA.

## V. GENERAL ALLEGATIONS

9. The Plaintiffs have been employed by Defendants United States and DLA as GS-13 OPM Series 1811 criminal investigators. In these positions and for at least three years, Defendants have considered Plaintiffs to be exempt from the FLSA.

10. Defendants and their officers and agencies are responsible under the United States Constitution and federal law and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to the Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

11. As a result of the actions of Defendants and their agents, Plaintiffs have suffered legal wrongs and economic injuries under the FLSA and are adversely affected and aggrieved thereby.

12. As is more fully set forth below, Defendants and their officers and agencies willfully have violated, and continue willfully to violate, the provisions of the FLSA by wrongfully and willfully failing and refusing to provide the Plaintiffs with pay and benefits due them under the FLSA and implementing regulations.

13. Defendants have erroneously considered each of the Plaintiffs "FLSA exempt" and have not accorded them the rights and compensation to which FLSA non-exempt employees of Defendants are entitled.

14. Under the FLSA and the regulations of the Office of Personnel Management ("OPM"), Plaintiffs are presumed to be FLSA non-exempt, and Defendants carry the burden of demonstrating that Plaintiffs are and have been exempt. 5 C.F.R. § 551.202.

15. Defendants also failed to compensate the following Plaintiffs properly for travel time during periods when they were considered exempt from the FLSA.

## VI. THE PLAINTIFFS

### 1. John P. Baker

16. John P. Baker is a plaintiff. He resides at 207 Holly Drive, Washington, NC 27889.

17. Plaintiff Baker is a former criminal investigator (GS-1811-13) in New Cumberland, PA.

### 2. Stephen Howard

18. Stephen Howard is a plaintiff. He resides at 18020 N.E. 196th Street, Woodinville, WA 98077.

19. Plaintiff Howard is a criminal investigator (GS-1811-13) in Woodinville, WA.

### 3. Bruce I. Maldonado

20. Bruce Maldonado is a plaintiff. He resides at 369 Cree Court [P.O. Box 1128], Lyons, CO 80540.

21. Plaintiff Maldonado is a criminal investigator (GS-1811-13) in Lyons, CO.

### 4. Timothy S. Mikulewicz

22. Timothy S. Mikulewicz is a plaintiff. He resides at 1028 Kingstree Road, Kaufman, TX 75142.

23.     Plaintiff Mikulewicz is a former criminal investigator (GS-1811-13) in Kaufman, TX.

**5.  Craig Miller**

24.     Craig Miller is a plaintiff. He resides at 13916 Howlett Line Drive, South Chesterfield, VA 23834.

25.     Plaintiff Miller is a criminal investigator (GS-1811-13) in Richmond, VA.

**6.  Richard E. Stowers**

26.     Richard E. Stowers is a plaintiff. He resides at 6307 Antler Court, Stockton, CA 95219.

27.     Plaintiff Stowers is a former criminal investigator (GS-1811-13) in Stockton, CA.

**7.  James L. Sutton**

28.     James L. Sutton is a Plaintiff. He resides at 1501 Wintergreen Road, Cove City, NC 28523.

29.     Plaintiff Sutton is a criminal investigator (GS-1811-13) in Cove City, NC.

**8.  Brad O. White**

30.     Brad O. White is a Plaintiff. He resides at 1865 Royal Fern Lane, Fleming Island, FL 32003.

31.     Plaintiff White is a criminal investigator (GS-1811-13) in Jacksonville, FL.

**VII.  COUNT ONE**

**(Failure Properly to Compensate Plaintiffs for Overtime Under the FLSA)**

32.     Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 31 above.

33. Defendants have wrongfully and willfully denied Plaintiffs coverage under the FLSA and have wrongfully and willfully withheld overtime compensation due Plaintiffs by failing and refusing to pay them in accordance with the FLSA for hours worked in excess of forty each week. Plaintiffs worked overtime hours known as Regularly Scheduled Overtime, 5 U.S.C. 5542, for which they were not paid correctly pursuant to the FLSA. Plaintiffs' overtime hours include but are not limited to additional hours during which Defendants and their officers and agents directed and/or suffered or permitted Plaintiffs to work without paying them any compensation whatsoever, including travel, training and other work performed by Plaintiffs on Defendants' behalf. Plaintiffs also seek compensation for Defendants' requirement that Plaintiffs receive compensatory time-off in place of compensation for their overtime hours in violation of 5 U.S.C. § 5543(b).

## VIII. COUNT TWO

**(Request for Back Pay, Liquidated Damages, Interest, Attorney's Fees and Costs)**

34. Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 33 above.

35. As a result of the wrongful and willful violations of law by Defendants and their officers and agencies as alleged in the claims specified above, there is due and owing to Plaintiffs various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

36. Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendants and their officers and agencies, and Plaintiffs are unable to state at this time the exact amounts of pay, benefits, liquidated damages, and interest which are due and owing to them with respect to their individual claims. Defendants and their officers and agencies are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C.

§ 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendants' liability may be determined.

    **WHEREFORE**, Plaintiffs pray that this Court:

  (a)  With respect to all Plaintiffs currently classified by Defendants as exempt from the FLSA, issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs have been and are being employed by Defendants in an FLSA nonexempt capacity but have been denied such status willfully by Defendants;

  (b)  Order Defendants, subject to rules and regulations to be established by this Court that conform with FLSA, to conduct a full, complete and accurate accounting of all back overtime, premium and other pay, leave, holiday, and excused and other paid-absence compensation, and benefits, interest, and liquidated damages equal to such back pay due and owing to Plaintiffs as is sought herein from 2011 to a date which is not more than 30 days before the date on which the judgment herein is paid;

  (c)  Award Plaintiffs such back pay, premium pay, liquidated damages and interest under the FLSA and the Back Pay Act, 5 U.S.C. § 5596, from the date of the denial of such pay and entitlements retroactive for three years prior to the filing of this complaint until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by Defendants under applicable federal laws and regulations; and

  (d)  Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendants under the FLSA, the Back Pay Act, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and

  (e)  Grant to Plaintiffs such other relief as the Court deems just and proper.

Dated: April 3, 2014

Respectfully submitted,

*[signature]*

Edgar James - D.C. Bar No. 333013
Jeff Vockrodt – D.C. Bar No. 985635
James & Hoffman, P.C.
1130 Connecticut Ave., NW, Suite 950
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile
ejames@jamhoff.com
jvockrodt@jamhoff.com

Linda Lipsett - D.C. Bar No. 383671
Bernstein & Lipsett
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
(202) 296-7220 facsimile
chouse@bernstein-lipsett.com

*Attorneys for Plaintiffs*